IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                    )
JAMEELAH T. SHAREEF,                )
                                    )
                Plaintiff,          )
                                    )
v.                                  ) Civ. No. 16-00509 ACK-KJM
                                    )
JOHN McHUGH, Secretary,             )
Department of the Army,             )
                                    )
                Defendant.          )
_____)

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

For the reasons set forth below, the Court GRANTS
Defendant's Motion to Dismiss, ECF No. 13, WITH PREJUDICE.

## FACTUAL BACKGROUND

Plaintiff Jameelah T. Shareef ("Plaintiff") is an
African American female who has worked as a federal employee in
the field of safety and safety planning for over 25 years.
Compl., ECF No. 1, ¶ 5 ("Compl.").

In or around January 2008, Plaintiff accepted a post
as the Safety Analyst, 8th Theater Sustainment Command ("TSC"),
Fort Shafter Hawaii.  Id. ¶ 8.  Plaintiff started this job
around March 2008 and at this time was discriminated against
based on her race and sex by her supervisor.  Id. ¶ 9.
Plaintiff filed an EEO complaint, which was handled
satisfactorily, and she considered the matter closed.  Id. ¶ 10.

Plaintiff was allowed to search for another position and was hired by 94th Army Air and Missile Defense Command ("AAMDC") in May 2008.  Id. ¶ 11.  From May 2008 to June 2013, Plaintiff served as the Safety and Occupational Health Manager for the AAMDC.  Id. ¶ 12.  In this role, Plaintiff was the principal advisor to the Commanding General, General's Staff and four subordinate units located in Korea, Japan, and Hawaii on all matters related to safety and occupational health.  Id.

In July 2013, Plaintiff became the Safety Manager for the U.S. Army Pacific, and Tommy Penrose became her first-line supervisor.  Id. ¶ 14.  In or after August 2013, Mr. Penrose was contacted via email by the 8th TSC and was informed about Plaintiff's 2008 EEO complaint.  Id. ¶ 16.  Mr. Penrose stopped supporting Plaintiff "and spoke to her in an abrupt, demeaning and bullying manner."  Id. ¶ 17.  Mr. Penrose removed Plaintiff from serving as inspector of the 8th TSC on November 3, 2013.  Id.

In December 2013, Plaintiff filed an EEO complaint alleging "retaliation based on prior activity based on the foregoing conduct."  Id. ¶ 18.  Mr. Penrose continued to engage in retaliatory behavior, for example, by detailing Plaintiff to Mission Support Element ("MSE") in March 2014, which is the lowest level of safety program responsibility.  Id. ¶ 19.  Mr. Penrose then used the MSE detail to "justify a less than

2

'Excellence' rating on Plaintiff's 9 September 2014 performance appraisal, claiming Plaintiff failed to do GS-13 level work." Id. ¶ 21.  Plaintiff informed Mr. George Chun on August 14, 2014 that she wanted to file a formal complaint and was informed that there was no intake specialist available and that she "should call later."  Id. ¶ 23.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on September 15, 2016. The Complaint raises three counts against John McHugh, Secretary, Department of the Army ("Defendant"), each under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*: Count I-Retaliation; Count II-Sexual Harassment; and Count III-Race Discrimination.  Compl. ¶¶ 24-41.  With respect to Count II Plaintiff alleges that she was "subjected to hostility and criticism by Mr. Penrose when she requested permission to attend a sanctioned event for women in leadership entitled 'Sisters in Arms.'"  Id. ¶ 34.  With respect to Count III, Plaintiff alleges the hostile and intimidating statements that related to her race included "criticisms of pictures of an African American Officer located in her work area."  Id. ¶ 40. The Complaint also requests punitive damages.  Id. ¶¶ 42-45.

On December 22, 2016, Defendant filed the instant Motion to Dismiss.  ECF No. 10 ("Motion").  On January 27, 2017,

Plaintiff filed her Opposition.  ECF No. 13 ("Opp.").  On February 7, 2017, Defendant filed its Reply.  ECF No. 14 ("Reply").  The Court held a hearing on Defendant's Motion on February 23, 2017.

**STANDARD**

**I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a party may move to dismiss based on a lack of subject matter jurisdiction.  "[T]he party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted).  "Failure to exhaust administrative remedies is properly considered under a 12(b)(1) motion to dismiss where exhaustion is required by statute." Dettling v. United States, 948 F. Supp. 2d 1116, 1128 (D. Haw. 2013).

A jurisdictional attack may be either facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the

4

complaint without converting the motion to dismiss into a motion for summary judgment." Id.

## II.  Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). "In considering a motion to dismiss, the court is not deciding whether a claimant will ultimately prevail but rather whether the claimant is entitled to offer evidence to support the claims asserted." Tedder v. Deutsche Bank Nat. Trust Co., 863 F. Supp. 2d 1020, 1030 (D. Haw. 2012) (citing Twombly, 550 U.S. at 563 n.8).

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). However, courts may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

If the Court dismisses the complaint, it should grant leave to amend regardless of whether a request has been made, unless it determines that the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

6

## DISCUSSION

### I.    Punitive Damages

As Defendant argues, Title VII precludes an award of punitive damages against Defendant.  Motion at 16; Reply at 17. Plaintiff did not address the issue of punitive damages in her Opposition and conceded at the hearing that punitive damages are not appropriate here.

Pursuant to 42 U.S.C. § 1981a(b)(1), which applies to Title VII claims,

> [a] complaining party may recover punitive damages under this section against a respondent *(other than a government, government agency or political subdivision)* if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

(emphasis added).  Here, because Defendant is a "government, government agency, or political subdivision," punitive damages are not available.  See Walker v. U.S. Dep't of Commerce, No. 1:11-CV-01195, 2012 WL 1424495, at *6 (E.D. Cal. 2012) (dismissing punitive damage claim pursuant to Title VII); Cleveland v. Runyon, 972 F. Supp. 1326, 1330 (D. Nev. 1997) (because Postal Service was a government agency, it was immune from liability for punitive damages in Title VII case); Erickson v. West, 876 F. Supp. 239, 244 (D. Haw. 1995) ("[P]unitive damages against the federal government are not allowed

7

under...Title VII"). Accordingly, the Court DISMISSES Plaintiff's claim for punitive damages WITH PREJUDICE.

## II. Timeliness of Plaintiff's Federal Court Complaint

Title VII requires that a civil action be brought "[w]ithin 90 days of receipt of notice of final action." 42 U.S.C. § 2000e-16(c). Defendant maintains that Plaintiff's complaint is time-barred as she filed beyond this 90-day period. Motion at 10. Plaintiff argues that as "Defendant did not serve counsel with its Final Agency Decision, it is not entitled to dismissal" for her failure to file within 90 days. Opp. at 12.

### A. Whether Rule 12(b)(1) or Rule 12(b)(6) Applies to Defendant's Timeliness Argument

In support of its Motion to Dismiss, Defendant attached various documents. If, as Plaintiff argues, Defendant's Motion is governed by Rule 12(b)(6) because the 90-day filing requirement is not jurisdictional, the Court may only consider these documents if they fit within specified exceptions, which Plaintiff asserts they do not. See Opp. at 5-10. If the timeliness argument is jurisdictional, then the Motion will be considered under Rule 12(b)(1), and the Court may consider documents outside the pleadings. Defendant has not explicitly contested that the 90-day period is not jurisdictional. See generally Reply.

1. <u>Whether the 90-Day Filing Requirement Is Jurisdictional</u>

As the Ninth Circuit has recognized, the 90-day filing requirement constitutes a statute of limitations, and as such is not jurisdictional.  <u>See</u> <u>Scholar v. Pac. Bell</u>, 963 F.2d 264, 266-67 (9th Cir. 1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations."); <u>Valenzuela v. Kraft, Inc.</u>, 801 F.2d 1170, 1174 (9th Cir. 1986) (recognizing that the 90-day filing period is a statute of limitations and not a jurisdictional requirement); <u>see also</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990) (holding that the filing period limits in 42 U.S.C. § 2000e-16(c) are subject to equitable tolling as they are not jurisdictional).

Because the 90-day filing period is not jurisdictional, Defendant's arguments about the timeliness of Plaintiff's Complaint are properly considered under Rule 12(b)(6).  <u>See</u> <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint.") (internal quotation and citation omitted); <u>United States v. Marsh</u>, 89 F. Supp. 2d 1171, 1173 (D. Haw. 2000) (motion to

9

dismiss based on statute of limitations treated as one under Rule 12(b)(6), not 12(b)(1)).

> ### 2. Whether the Court May Consider Documents Outside the Pleadings

"If a court considers matters outside the pleadings when faced with a Rule 12(b)(6) or 12(c) motion, the motion 'must be treated as one for summary judgment under Rule 56.'" Weaver v. A-Am. Storage Mgmt. Co., No. CIV 10-00600 JMS-KSC, 2011 WL 97651, at *4 (D. Haw. Jan. 12, 2011) (quoting Fed. R. Civ. P. 12(d)). If the court does not exclude matters outside the pleadings, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "However, a court may 'consider certain materials – documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment.'" Weaver, 2011 WL 97651 at *4 (citing Ritchie, 342 F.3d at 908).

A court may consider a document referenced in the complaint if it is central to the plaintiff's claim and no party questions the authenticity of the copy attached to the motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). A court may also take judicial notice of facts that are not subject to reasonable dispute either because they are "generally known

within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be questioned."  Fed. R. Evid. 201(b); Harris v. Cnty. Of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012).  In addition, the court may "take judicial notice of undisputed matters of public record."  Harris, 682 F.3d at 1132.

Here, Defendant attached in support of its Motion two declarations, various EEOC and Department of Army EEO documents, and postal records.  See ECF Nos. 10-2 to 10-19.  Defendant has conceded that the Court may disregard the declarations, Reply at 5 n.1, and this Court agrees that considering the substance of the declarations would convert Defendant's Motion into a Rule 56 motion and accordingly has not considered them.

However, courts routinely take judicial notice of the records of administrative bodies, including EEOC right-to-sue letters, as public records.  See, e.g., Klingman v. Cnty. Of Maui, No. 16-0399 ACK-RLP, 2016 WL 6996986, at *3 n.2 (D. Haw. Nov. 29, 2016) (judicial notice of charge of discrimination); Onodera v. Kuhio Motors, Inc., Civ. No. 13-00044 DKW, 2013 WL 4511273, at *2 (D. Haw. Aug. 23, 2013) (same); Hicks v. Makaha Valley Plantation Homeowners Ass'n, No. 14-00254 HG, 2015 WL 328311, at *3 n.4 (D. Haw. Jan. 26, 2015).  The Court finds it appropriate to take judicial notice here of all of the attachments to the Chun Declaration (Attachments 1-9), and

Attachments A and B to the Herbert Declaration, as administrative records.  ECF Nos. 10-3 to 10-11, 10-13, 10-14.

Attachments C, D, E, and F of the Herbert Declaration purport to be postal records showing that the Final Agency Decision was delivered to Plaintiff and to her former attorney Ben Toyama.  ECF Nos. 10-15 to 10-18.  Courts differ on whether postal records are appropriate for judicial notice.  Compare, e.g., Chapman v. San Francisco Newspaper Agency, No. C-01-02305 CRB, 2002 WL 31119944, at *2 (N.D. Cal. Sept. 20, 2002) (refusing to take judicial notice since accuracy of USPS printout confirming delivery of right-to-sue letter could be disputed) with Whiting v. United States, No. CV1501472ABDTBD, 2016 WL 3946920, at *2-3 (C.D. Cal. June 21, 2016) (taking judicial notice of, inter alia, a USPS tracking webpage for a certain certified mail number) and El-Aheidab v. Citibank (S. Dak.), N.A., No. C-11-5359 EMC, 2012 WL 506473, at *4 (N.D. Cal. Feb. 15, 2012) (taking judicial notice of USPS website indicating mailings were in fact delivered).  However, since Plaintiff's Complaint may be considered untimely regardless of whether the postal records are considered, as discussed below, this Court does not need to decide whether to take judicial notice of these records.

B. **Whether Defendant May Not Raise a Timeliness Argument Because It Failed to Send the Right-To-Sue Letter to Janice Kim**

The Department of the Army rendered its final decision on Plaintiff's administrative EEO complaint on April 18, 2016. Compl. ¶ 4; Attachment B, ECF No. 10-14. Plaintiff filed her Complaint in federal court on September 15, 2016. See generally Compl. Plaintiff has alleged that the Army never served a copy of the Final Agency Decision and right-to-sue notice on her attorney of record, Compl. ¶ 4, and as such Defendant failed to provide the required notice and cannot now bar Plaintiff's Complaint as untimely, Opp. at 12-15. Plaintiff does not appear to contest that the agency mailed a copy of the decision to her former representative, Ben Toyama, and Defendant appears to admit that it did not send a copy to Plaintiff's current attorney Janice Kim.[1]

42 U.S.C. § 2000e-16 does not define what constitutes "notice" for purposes of triggering the 90-day rule or specify whether notice must be served on a party's representative. See

---

[1] Plaintiff designated Mr. Toyama as her representative during the Army EEO proceedings. See Attachment 7, ECF No. 10-9. Plaintiff then designated Ms. Kim as her attorney of record after filing her formal complaint with the EEOC, and Ms. Kim represented Plaintiff before the EEOC and following the transfer of the case from the EEOC to the local Army EEO Office. See Opp. at 4-5. Defendant acknowledged at the hearing that the agency is largely at fault for serving Mr. Toyama rather than Ms. Kim.

13

42 U.S.C. § 2000e-16(c).  The regulations state that "[w]hen the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney."  29 C.F.R. § 1614.605(d).  However, the parties dispute whether this regulation applies only to the agency or also applies to federal courts.  Motion at 12 n.4; Opp. at 12-15; Reply at 9-11.

The Ninth Circuit has not directly spoken as to whether the regulation applies to judicial actions or not.  However, it has stated that "[w]e measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record."  Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1122 (9th Cir. 2007).  Although this would appear, at first blush, to resolve the issue, it is not clear from the opinion whether the plaintiff in Payan was represented or not when the right-to-sue notice was sent, and thus it is not clear whether or how representation would have affected the court's opinion.

A recent unpublished opinion from the Ninth Circuit also suggests, however, that notice to the party's attorney is not necessary to start the 90-day period, as long as the claimant actually receives notice.  See Rhodes v. Raytheon Co., 555 F. App'x 665, 666 (9th Cir. 2014) (emphasis added) (citing

to Irwin as holding that "[t]he statute of limitations begins to run from the date on which a right-to-sue letter is delivered to *either* the claimant or his attorney, whichever comes first." (498 U.S. at 92-93)). Rhodes thus further supports that the period runs from the date the plaintiff receives the right-to-sue letter, even if her attorney does not receive notice. See id.; see also Jones v. Madison Serv. Corp., 744 F.2d 1309, 1312 (7th Cir. 1984) (holding that the 90-day period runs from either the date of actual receipt by the claimant or by the attorney representing him).

Plaintiff's arguments that the regulations control this issue, rather than the Ninth Circuit's statements in Payan and Rhodes, are not persuasive. Plaintiff attempts to rebut Defendant's argument that the circuit courts considering the applicability of this regulation have held it only applies to the administrative process, not the judicial process by arguing that the cases did not deal with the particular clause at issue. Opp. at 15 n.3. However, these courts plainly held that the entire regulation – not any particular clause – only applied to the administrative process.[2] See Rembisz v. Lew, 830 F.3d 681,

---

[2] Moreover, the reading of these cases that Plaintiff's assertion implies is nonsensical. Plaintiff's argument implicitly requires the courts in these cases to have left open the possibility that certain clauses in a single regulation apply to the judicial process while other clauses only apply to the

(continued . . . )

683 (6th Cir. 2016) ("[T]hat regulation is concerned with time

frames for receipt of materials solely in the [EEOC]

administrative process, making it inapplicable to civil

proceedings before courts rather than administrative proceedings

before agencies.") (internal citation and quotation omitted);

Carter v. Potter, 258 F. App'x 475, 479 (3d Cir. 2007) ("[O]n

its face, § 1614.605(d) does not apply to the 90-day period

within which Appellant had to file a civil action in the

District Court upon receiving the right-to-sue letter.").

District courts appear to be split on whether or not

the regulation applies to the 90-day filing period for filing a

judicial action.  Some have explicitly found that the regulation

does not apply to judicial actions.  See, e.g., Taylor v. Colo.

State Univ., No. 5:11-cv-00034, 2012 WL 5077671, at *5 (W.D. Ky.

Oct. 18, 2012); Harris v. Bodman, 538 F. Supp. 2d 78, 80-81

(D.D.C. 2008); Carter v. Potter, No. 06-786, 2006 WL 2583569, at

*2 (E.D. Pa. Sept. 5, 2006).  Others, however, appear to have

concluded that the 90-day period runs from the date counsel

received notice.  See, e.g., Hamilton v. Commonwealth Edison

Co., No. 11-CV-1752, 2011 WL 2633895, at *2 (N.D. Ill. July 5,

2011) ("[I]f a claimant informs the EEOC that he or she is

---

administrative process, despite the absence of any explicit
basis in the regulation itself on which to distinguish the two.

represented by counsel, notice to counsel begins running the 90-day period."); Barbagallo v. Potter, No. 1:04CV00839, 2005 WL 2460725, at *2 (M.D.N.C. Oct. 4, 2005) (90-day period begins when attorney receives notice, if employee has designated an attorney as his representative); Carter v. Dep't of Veterans Affairs, No. Civ. A H-04-1379, 2005 WL 1155099, at *2 (S.D. Tex. May 11, 2005) (same).

In the absence of clear guidance on the applicability of the regulation, the Court will follow the Ninth Circuit's opinions in Payan and Rhodes indicating that the 90-day period commences on notice to the claimant, with Rhodes holding that the 90-day period commences on notice to the claimant or her attorney, whichever occurs first.[3]  See Rhodes, 555 F. App'x at 666.  The right-to-sue letter at issue here also supports this conclusion as it explicitly provides that the 30-day time period for an appeal to the EEOC will be calculated from the date of receipt by the attorney, and no such similar language appears

---

[3] Plaintiff also argues that the Federal Rules of Civil Procedure generally require that, where a party is represented, service be made on the party's attorney.  See Opp. at 15 (citing Irwin's discussion of Rule 5(b)).  However, Irwin relied on the policy underlying this rule of deeming parties to be bound by acts of their attorneys to support its conclusion that the 30-day period for filing an administrative complaint may begin when an attorney has notice, even where the claimant does not.  498 U.S. at 92.  Rule 5(b) on its own does not speak to the particular issue here of whether the 90-day period *only* begins to run when a represented party's attorney receives notice and thus cannot overcome the Ninth Circuit's opinions in Payan and Rhodes.

with respect to the right to file a civil action in federal court.  <u>See</u> Attachment B, ECF No. 10-12, at 20-22.

Furthermore, even if the regulation were to apply to this action, the failure to notify Ms. Kim does not fully resolve this issue because the regulations also caution that "[t]he Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative."  29 C.F.R. § 1614.605(e).  As other courts have recognized, "[t]his language thus undermines any intimation that § 1614.605(d) applies to relieve a claimant represented by counsel of his responsibility for timely commencing a civil suit."  <u>Taylor</u>, 2012 WL 5077671, at *5 (finding plaintiff's complaint time-barred where the EEOC mailed the right-to-sue letter to counsel five months after the letter was sent to plaintiff).  Such provision is particularly applicable here, where Plaintiff has not disputed Defendant's assertion that she actually received the right-to-sue letter and could have proceeded with filing her Complaint.  The Court therefore finds that Defendant is not barred from raising a timeliness challenge to Plaintiff's Complaint.

C. **Whether Plaintiff's Complaint Was Timely Filed**

This Court next turns to whether Plaintiff's Complaint was timely filed within 90 days of receipt of the right-to-sue letter.  Courts have recognized that the Supreme Court has

18

cautioned that "strict adherence to the procedural requirements specified by the legislature [in Title VII] is the best guarantee of evenhanded administration of the law." See, e.g., Thomas v. McHugh, Civil No. 12-00535 LEK-KSC, 2014 WL 2968689, at *2 (D. Haw. June 30, 2014) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002)).

If the Court were to take judicial notice of the postal records, they would show that delivery of the right-to-sue letter was attempted on April 28, 2016 and actually delivered on April 30, 2016. Attachments C & D, ECF Nos. 10-15, & 10-16. Regardless of which date is used,[4] Plaintiff's Complaint was not filed until September 15, 2016 - well after the prescribed 90-day filing period elapsed, and thus it is untimely.

Even if the postal records are not considered, however, the Court's conclusion remains the same. Under Ninth Circuit law, there is a "presumption that the letter issuance date is also the date on which the letter was mailed." Payan, 495 F.3d at 1123; see also Ching v. Chugach Mgmt. Servs., Inc.,

---

[4] In Payan, the Ninth Circuit stated that the 90-day period runs from the date of *actual receipt*. Payan, 495 F.3d at 1122 (emphasis added). However, the Ninth Circuit has also stated that "the ninety-day period within which to file suit beg[ins] running when delivery of the right-to-sue notice [is] *attempted* at the address of record with the EEOC...." Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997) (emphasis added).

CIV. 13-00023 SOM-KS, 2014 WL 282225, at *4 (D. Haw. Jan. 27, 2017) (noting that the court should apply this presumption unless there is evidence to the contrary).  Thus, this Court may presume that the letter was mailed on April 18, 2016.

The Ninth Circuit has also adopted a rebuttable presumption that the plaintiff received the right-to-sue letter three days after it was mailed.  Payan, 495 F.3d at 1124-26; Ching, 2014 WL 282225, at *4.  Plaintiff here does not dispute that she received the letter; she only states that "[t]he complaint does not identify the date on which Plaintiff received her right to sue notification."  ECF No. 13 at 12.  This silence is insufficient to rebut the presumption of receipt; Plaintiff must actually dispute that she received the letter.  See Turner v. Dep't of Educ., No. CIV 10-00707 ACK, 2011 WL 1637333, at *6 (D. Haw. Apr. 28, 2011) (finding that the date of the right-to-sue letter alone was insufficient to give rise to the presumption it was mailed or arrived where the plaintiff disputed receipt).  Applying the three-day presumption, this Court may presume that Plaintiff's right-to-sue letter arrived on April 21, 2016, which is also well outside of the 90-day filing period.  Thus regardless of whether the postal records are considered or not, Plaintiff's Complaint was not timely filed.

D. **Whether Plaintiff Has Sufficiently Alleged Equitable Tolling**

Despite the untimeliness of Plaintiff's Complaint, the Supreme Court has recognized that equitable tolling may provide a defense against the filing periods set forth in 42 U.S.C. § 2000e-16.  See Irwin, 498 U.S. at 95-96.  At the motion to dismiss stage, the Court should assess "whether the complaint plausibly alleges facts indicating equitable tolling."  Weaver, 2011 WL 97651, at *4.  Thus, "'when a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting from Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980), which affirmed dismissal where the allegations in plaintiff's complaint showed she had early notice of facts constituting alleged fraud by her broker).

"[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (finding plaintiff was entitled to prove equitable tolling).  "[D]etermining the applicability of equitable tolling...ordinarily requires reference to matters outside the

pleadings and is generally not amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone." Cervantes, 5 F.3d at 1276 (based on "California's fact-intensive test for equitable tolling [which] is more appropriately applied at the summary judgment or trial stage of litigation."). "[O]nly in the rare case [can the equitable tolling] inquiry proceed at the pleading stage." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (applying California's equitable tolling doctrine). However, courts have dismissed claims with prejudice where the plaintiff fails to allege a plausible basis for equitable tolling. See, e.g., Welch v. So. Cal. Edison, 378 F. App'x 621, 622 (9th Cir. 2010) (affirming dismissal of complaint and finding equitable tolling unavailable where plaintiff failed to actively pursue judicial remedies); Aris v. Hawaii, No. 13-00035 LEK-KSC, 2013 WL 5675529, at *2-3 (D. Haw. Oct. 17, 2013) (granting motion to dismiss with prejudice where equitable tolling was found inapplicable).

Under federal law, "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." Forester v. Chertoff, 500 F.3d 920, 929 (9th Cir. 2007) (citation and quotation omitted). When the law of the forum state regarding equitable tolling is consistent with

federal law, the Court should apply state law.  See Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000).  "Under Hawaii law, to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate '(1) that he...has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way.'"  Cashman v. Astrue, No. CIV.07-00560 ACK-BMK, 2008 WL 2588711, at *3 (D. Haw. June 27, 2008) (quoting Office of Hawaiian Affairs v. State, 110 Haw. 338, 360, 110 P.3d 767, 789 (2006)) (alteration in original); see also Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981) (critical factors for a finding of equitable modification include the plaintiff's actual and reasonable reliance on the defendant's conduct or representations and evidence of improper purpose on the part of the defendant).

Here, Plaintiff has asserted that there may be equitable grounds sufficient to toll the 90-day filing limitation based on the EEOC's failure to comply with its own regulations and to serve Ms. Kim with the right-to-file letter. Opp. at 5, 16.  However, allowing the possibility of equitable tolling on this basis would effectively mandate that the 90-day period begins to run from the date of receipt by the claimant's attorney, even if the plaintiff had actually received the right-to-file letter at an earlier date.  Such a holding would run

directly contrary to the Ninth Circuit's opinions in Payan and Rhodes indicating that the 90-day period begins to run upon receipt by either the claimant or her attorney, whichever comes first.  The Court thus finds that equitable tolling based on the lack of notice to Ms. Kim is not available.[5]

Plaintiff has offered no other reason, either in her opposition or at the hearing, suggesting another basis for equitable tolling.  Allowing amendment of the complaint therefore appears to be futile.  See Deutsch v. Turner Corp., 324 F.3d 692, 718 (9th Cir. 2003) (affirming dismissal of prejudice where plaintiffs "offer[ed] neither a satisfactory answer to the district court's finding regarding equitable tolling nor any hint of any additional facts they might allege in an amended complaint" and thus amendment would be futile); see also Daniels v. Donahoe, 901 F. Supp. 2d 1238, 1246 (D. Haw. 2012) (dismissing case with prejudice where plaintiff did not argue waiver, estoppel, or equitable tolling applied, as amendment would be futile).[6]

---

[5] This also accords with cases such as Carney v. City of Shawnee, 24 F. Supp. 2d 1185, 1189 (D. Kan. 1998), which granted summary judgment on the basis that failure to provide an attorney a copy of the decision where the plaintiff received actual notice did not constitute an extraordinary circumstance warranting equitable tolling.
[6] In addition, Plaintiff's diligence is in doubt.  The Final Agency Decision indicates that it was sent to Mr. Toyama and Plaintiff but not Ms. Kim.  As Plaintiff does not dispute that

(continued . . . )

The Court therefore GRANTS Defendant's Motion to Dismiss WITH PREJUDICE.  Accordingly, the Court does not need to address Defendant's arguments regarding timely exhaustion of administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 13, WITH PREJUDICE, and Plaintiff's Complaint is hereby DISMISSED.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 27, 2017.


_____
Alan C. Kay
Sr. United States District Judge


Shareef v. McHugh, Civ. No. 16-00509 ACK-KJM, Order Granting Defendant's Motion to Dismiss.

---

she received the decision and right-to-sue notice, she likely should have known that Ms. Kim had not received the letter. Instead, Plaintiff appears to have sat on her rights, and has not provided any explanation that might justify equitable tolling.